[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

Nos. 21-11275 & 21-12081

Non-Argument Calendar

_____

WILLIAMS PROPERTIES, LLC,

Plaintiff-Appellant,

*versus*

PARADISE OPERATIONS, LLC,
JUSTIN W. MASSEY,

Defendants-Appellees.

———————————

Appeals from the United States District Court
for the Southern District of Alabama

D.C. Docket No. 1:20-cv-00615-WS-B

———————————

Before JORDAN, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Williams Properties, LLC appeals the district court's dismissal with prejudice of two counts in the amended complaint. Williams alleged in its amended complaint that Paradise Operations, LLC, and Justin W. Massey were negligent and breached fiduciary duties owed to Williams in connection with a real estate transaction in Alabama. The district court dismissed these claims for four independent reasons. First, no agency relationship existed between Paradise / Massey and Williams, so they owed no duties to Williams. Second, even if a duty existed, no breach occurred. Third, Williams could not show any damages caused by Paradise and Massey. And fourth, an exculpatory clause in the underlying real estate purchase agreement released Paradise and Massey from any liability. The basis for the district court's first reason for dismissal is the Alabama Real Estate Consumer's Agency and Disclosure Act ("RECAD"). Ala. Code §§ 34-27-80 to -88. Williams argues on appeal that the district court erred in conclud-

ing that RECAD precluded its claims of negligence and breach of fiduciary duties.

We review an order granting a motion to dismiss with prejudice *de novo*. *Young Apartments, Inc. v. Town of Jupiter*, 529 F.3d 1027, 1037 (11th Cir. 2008). We accept all the factual allegations in the amended complaint as true and construe them in the light most favorable to the plaintiff. *Id.*; *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010). We review the district court's interpretation of state law in a diversity case *de novo*, and we must apply the substantive law of Alabama, the forum state. *Fioretti v. Mass. Gen. Life Ins. Co.*, 53 F.3d 1228, 1234–35 (11th Cir. 1995). Because this case requires us to interpret a state statute, "we are bound by the decisions of the state supreme court." *World Harvest Church, Inc. v. Guideone Mut. Ins. Co.*, 586 F.3d 950, 957 (11th Cir. 2009); *see also Blue Cross & Blue Shield of Ala., Inc. v. Nielsen*, 116 F.3d 1406, 1413 (11th Cir. 1997) ("The final arbiter of state law is the state supreme court, which is another way of saying that Alabama law is what the Alabama Supreme Court says it is.").

The Alabama legislature enacted RECAD "to clarify the duties of brokerage services and real-estate licensees toward consumers in the context of real-estate transactions." *Rosenthal v. JRHBW Realty, Inc.*, 303 So. 3d 1172, 1186 (Ala. 2020) (citing J. Clark Pendergrass, *The Real Estate Consumer's Agency and Disclosure Act: The Case Against Dual Agency*, 48 Ala. L. Rev. 277, 278–79 (1996)). Prior to RECAD, Alabama common law of agen-

cy defined the roles and duties of real estate brokers. Pendergrass, *supra*, at 280. Under common law, real estate brokers were fiduciaries. *Id.* at 281.

Williams points to one provision of RECAD to argue that the statute did not abolish real estate brokers' common law fiduciary duties. *See* Ala. Code § 34-27-87 ("The duties of licensees as specified in this article . . . shall supersede any duties of a licensee to a party to a real estate transaction which are based upon common law principles of agency to the extent that those common law duties are inconsistent with the duties of licensees as specified in this article."). Williams argues that RECAD does not absolve Paradise and Massey from owing fiduciary duties because fiduciary duties are consistent with the other duties RECAD imposes on licensees. *See id.* §§ 34-27-84 to -85 (outlining the obligations of licensees and the services they are required to provide).

However, as noted by the district court, RECAD narrowed the scope of when licensees were agents of consumers:

> At the initial contact between a licensee and the consumer and until such time a broker enters into a specific written agreement to establish an agency relationship with one or more of the parties to a transaction, the licensee *shall not be considered an agent* of that consumer. An agency relationship *shall not be assumed, implied, or created without a written bilateral agreement* establishing the terms of the agency relationship.

Ala. Code § 34-27-82(b) (emphasis added).  Paradise and Massey are both licensees, which are defined by RECAD as "[a]ny broker, salesperson, or company," with broker being defined as "[a]ny person licensed as a real estate broker."  *Id.* § 34-27-81(2), (10). Williams was their consumer.  *Id.* § 34-27-81(5) (defining a consumer as a "person who obtains information, advice, or services concerning real estate from a real estate licensee").  RECAD provides that no agency relationship existed between Paradise and Massey (the licensees) and Williams (the consumer) absent a written bilateral agreement.  *Id.* § 34-27-82(b); *see also Rosenthal*, 303 So. 3d at 1188 ("In short, as § 34-27-82(b) makes clear, there cannot be an implied contract of agency between a broker and/or licensee and a consumer.").

Williams entered a listing agreement with Paradise that was effective from September 13, 2018 through March 13, 2019. For that six-month period, an agency relationship existed between Williams and Paradise as codified in their written bilateral agreement.  But after March 13, 2019, Paradise was not Williams's agent in relation to the underlying real estate transaction.  Williams, however, is basing its claims on alleged wrongdoing that occurred—per the amended complaint—on April 10–11, 2019. Even taking the allegations of wrongdoing as true, at that time, no written bilateral agreement existed between Williams and Paradise.  Therefore, it would be inconsistent with RECAD to impose any duties grounded in agency law on Paradise and Massey outside of those contained in an operative, written, bilateral

agreement. *See* Ala. Code § 34-27-82(b) ("An agency relationship shall not be assumed, implied, or created without a written bilateral agreement establishing the terms of the agency relationship.").

Williams never responds to this reasoning of the district court in either of its briefs. Williams cites numerous cases from the Alabama Supreme Court concerning the role and duties of real estate brokers under common law, but none were decided after RECAD became effective.[1] Williams cites RECAD Sections 34-27-84 and 34-27-85 to demonstrate that, in theory, fiduciary duties are similar to the duties that RECAD imposes on licensees. However, Williams does not mention RECAD Section 34-27-82(b)—the provision that defines when an agency relationship exists between licensees and consumers. The district court correctly decided, though, that Section 34-27-82(b) prevents us from imposing the duties articulated in Williams's amended complaint onto Paradise and Massey in the absence of an operative, written, bilateral agreement. To do so would be inconsistent with RECAD's express limitation on when and how an agency relationship can come into existence between a licensee and consumer.

---

[1] Notably, Williams does not discuss in either of its briefs the Alabama Supreme Court's recent opinion in *Rosenthal*, which was the first case in which the state supreme court interpreted RECAD. *See* 303 So. 3d at 1183 (describing RECAD as "an Act our courts have not previously had an occasion to interpret").

As the district court noted, and as Williams acknowledges in its opening brief, both the negligence and breach of fiduciary duties claims must fail if Paradise and Massey did not owe a duty to Williams. *See Aliant Bank, a Div. of USAmeribank v. Four Star Invs., Inc.*, 244 So. 3d 896, 907 (Ala. 2017) ("The elements of a negligence claim are a duty, a breach of that duty, causation, and damage. Similarly, the elements of a breach-of-fiduciary-duty claim are the existence of a fiduciary duty, a breach of that duty, and damage suffered as a result of that breach.") (citations omitted) (internal quotation marks omitted)). Because no agency relationship existed between Paradise / Massey and Williams on April 10–11, 2019, the alleged wrongdoing at that time did not violate any duty owed by appellees to Williams.

Because we agree with the district court's first independent basis for dismissal of the amended complaint, that resolves the appeal, and we need not discuss the remaining three reasons for dismissal. Taking the allegations in the amended complaint as true, Williams cannot maintain a claim of negligence or breach of fiduciary duties against Paradise and Massey because, under RECAD, no agency relationship existed between them. Accordingly, we must affirm the district court's denial of Williams amended complaint with prejudice.

**AFFIRMED.**